**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **UNILOC USA, INC. and UNILOC LUXEMBOURG, S.A.,** § § § § § | |
| Plaintiff, § | Civil Action No. 6:12-CV-01017 |
| v. § § | JURY TRIAL DEMANDED |
| **NUANCE COMMUNICATIONS, INC.** § § | |
| Defendant. § § § | |

**NUANCE COMMUNICATIONS, INC.'S ANSWER AND COUNTERCLAIMS**

Nuance Communications, Inc. ("Nuance") by and through its undersigned counsel, hereby responds to Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg S.A. (collectively, "Plaintiffs") First Amended Complaint for Patent Infringement ("Complaint") as follows:

**THE PARTIES**

1. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and on that basis denies the allegations.

2. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and on that basis denies the allegations.

3. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and on that basis denies the allegations.

4. Nuance admits that it is a Delaware corporation with its principal place of business in Burlington, Massachusetts. Nuance admits that it has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as

its agent for service of process. Nuance admits that it has transacted business within the State of Texas, including within the Eastern District of Texas.

## JURISDICTION AND VENUE

5. Nuance admits that Plaintiffs have brought an action that arises under the patent laws of the United States, Title 35 of the United States Code, but denies any wrongdoing or liability on its own behalf for the reasons stated herein. Nuance admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Nuance admits that it has transacted business in this District, but denies that one or more other districts would not be a more appropriate and/or convenient forum. Nuance denies the remaining allegations in paragraph 6.

7. Nuance does not contest, for the purposes of this lawsuit only, the personal jurisdiction of this Court over Nuance, although not necessarily for the reasons alleged in paragraph 7 of the Complaint. Nuance denies the remaining allegations of Paragraph 7.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,490,216

8. Nuance incorporates by reference its answers to Paragraphs 1 through 7.

9. Nuance admits that a copy of U.S. Patent No. 5,490,216 ("the '216 patent") is attached to the Complaint as Exhibit A. Nuance admits that the title of the '216 patent is "System for Software Registration." Nuance is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9, and on that basis denies the allegations.

10. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and on that basis denies the allegations.

11. Nuance denies the allegations in Paragraph 11.

12. Nuance denies the allegations in Paragraph 12.

13. Nuance denies the allegations in Paragraph 13.

14. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and on that basis denies the allegations.

## DEMAND FOR JURY TRIAL

Nuance does not object to a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Nuance denies that Plaintiffs are entitled to any of the relief sought in its Prayer for Relief. Nuance has not directly or indirectly infringed the asserted patent, either literally or by the doctrine of equivalents, willfully or otherwise. Plaintiff is not entitled to recovery statutory damages, compensatory damages, enhanced damages, an accounting, injunctive relief, costs, fees, interest, supplemental, or any other type of recovery from Nuance. Plaintiff's prayer should, therefore, be denied in its entirety and with prejudice, and Plaintiff should take nothing.

## AFFIRMATIVE DEFENSES

In addition to the defenses described below, Nuance expressly reserves the right to allege additional defenses as they become known through the course of discovery.

1. Plaintiffs' Complaint fails to state a claim against Nuance upon which relief may be granted.

2. Nuance has not infringed, and does not infringe, any valid claim of the '216 Patent.

3. Nuance has not contributorily infringed, and does not contributorily infringe, any valid claims of the '216 Patent.

4. Nuance has not induced infringement of, and does not induce infringement of, any valid claims of the '216 Patent.

5. The '216 Patent is invalid for failure to meet one or more of the statutory requirements for patentability set forth in 35 U.S.C. §§ 101 et. seq.

6. Plaintiff's claims for relief are barred in whole or in part by laches, estoppel, waiver, and/or other equitable defenses.

7. Plaintiff's claims for patent infringement are barred by prosecution history estoppel.

8. Plaintiff has failed to properly mark its products covered by the '216 Patent under 35 U.S.C. § 287(a) or otherwise provide Nuance with notification of any alleged infringement of the '216 Patent, and Plaintiff is barred from recovering damages for any alleged infringement of the '216 Patent by Nuance prior to the filing of the Complaint.

## COUNTERCLAIMS

As set forth in Paragraph 6 above, venue is not appropriate in this judicial district. Nonetheless, in order to preserve its rights, Nuance alleges – in accordance with Federal Rule of Civil Procedure 13 – the counterclaims below. Nothing in these allegations should be construed as a waiver of Nuance's assertion that venue is improper in this judicial district.

## JURISDICTION AND VENUE

1. Nuance is a Delaware corporation with its principal place of business in Burlington, Massachusetts.

2. On information and belief, Uniloc USA, Inc. is a Texas corporation with its principal place of business in Dallas, Texas and Uniloc Luxembourg, S.A. is a Luxembourg corporation with its principal place of business in Luxembourg.

3. These counterclaims arise under the Patent Laws of the United States, 35 U.S.C. §§ 101 et seq. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4. To the extent this action remains in this district, venue is appropriate because Plaintiffs have consented to the propriety of venue in this Court by filing their claim for patent infringement in this Court, in response to which these counterclaims are asserted.

## COUNT ONE – DECLARATION OF NONINFRINGEMENT

5. Nuance incorporates and realleges by reference the allegations set forth in Paragraphs 1-4 of these counterclaims.

6. Uniloc Luxembourg S.A. alleges that it is "the owner, by assignment, of the '216 Patent." Uniloc USA alleges that it is "the exclusive licensee of the '216 patent with ownership of all substantial rights in the '216 patent."

7. An actual and justiciable controversy exists between Nuance and Plaintiffs with respect to the '216 Patent because Plaintiffs have brought this action against Nuance alleging that Nuance infringes the '216 Patent, an allegation Nuance denies. Absent a declaration of noninfringement, Plaintiffs will continue to wrongfully assert the '216 Patent against Nuance, and thereby cause Nuance irreparable injury and damage.

8. Plaintiffs have no reasonable basis on which to assert that Nuance directly infringes, induces infringement of, or contributorily infringes any claim of the '216 Patent.

9. Nuance has not infringed the '216 Patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully, or otherwise, and is entitled to a declaration to that effect.

10. This is an exceptional case entitling Nuance to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## COUNT TWO – DECLARATION OF INVALIDITY

11. Nuance incorporates and realleges by reference the allegations set forth in Paragraphs 1-10 of these counterclaims.

12. The '216 Patent is invalid under the provisions of Title 35, United States Code, including, but not limited to Sections 101, 102, 103 and/or 112, and Nuance is entitled to a declaration to that effect.

13. This is an exceptional case entitling Nuance to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## RELIEF

WHEREFORE, Nuance seeks the following relief;

a. That each and every claim of the '216 Patent be declared not infringed;

b. That each and every claim of the '216 Patent be declared invalid;

c. That Plaintiffs take nothing by their Complaint and that Plaintiffs' Complaint be dismissed with prejudice;

d. That pursuant to 35 U.S.C. § 285 and/or other applicable laws, Plaintiffs' conduct in commencing and pursuing this action be found to render this an exceptional case and that Nuance be awarded its attorneys' fees incurred in connection with this action;

e. That Nuance be awarded its cost of suit incurred herein; and

f. That Nuance be granted such other and additional relief as this Court deems just and proper.

Dated: March 21, 2013 Respectfully submitted,

/s/ Garland T. Stephens
Garland T. Stephens
Texas Bar No. 24053910
WEIL GOTSHAL & MANGES LLP
700 Louisiana Suite 1600
Houston, TX 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
garland.stephens@weil.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who have consented to electronic service are being served a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 21[th] day of March, 2013. Any other counsel of record will be served by first class mail.

                                                         /s/ Garland T. Stephens_____
                                                         Garland T. Stephens